Good morning, everyone. Welcome to the Ninth Circuit. On behalf of my colleagues from Hawaii, I'll say aloha. Judge Clifton, Judge Bennett, and I are thrilled to be here in Phoenix. Good to see everybody. Just a reminder, when we do have our argument today, there is a clock. I want to confirm with the courtroom deputy, there's a clock. Do we have the flashing red light today? Okay, so, when the light turns red, it starts flashing. Now, if you're at a stop or a crosswalk and it starts flashing red, maybe you would walk faster, right? You still have a little bit more time. Here, though, when the light starts flashing red, it actually means it's over. So don't think, well, I still have about 20 seconds left. It's over. I will let you finish your sentence, but I am fairly strict on time restrictions, so budget your time accordingly. We have a number of cases today. Some of them have been submitted. I'm going to go ahead and read the submitted cases first. Submitted cases are United States v. Hector Jimenez-Penaloza, United States v. Martinez Jason Gishy, and the rest of the cases are being argued. So with that, we'll go ahead and call the first matter. I think is Francisco Leon, and I'm the attorney for Gabriel Alvarez Moreno, the appellant in this case. There's two issues that are raised in the appeal. One of them, I think, has been ruled upon by this court, or the issue has been decided by the court, and that's with regard to the Rule 43 issue. Which case decided that issue? Sanchez-Ochoa. That was unpublished, correct? Yes. So that does not bind this panel, does it? It does not, Your Honor. I do believe, however, because I was the attorney on the Sanchez-Ochoa case, that the government is asking for it. The defendant is asking to be present when the judge returns a verdict. The government says, in essence, no, there's no Rule 43 requirement that the defendant be present when the judge returns a verdict. I think that's going way too far. What Sanchez-Ochoa said was, unless the defendant can show that his rights were substantially affected, then there is no error. I would ask the court to find that Rule 43 is violated when the court returns a verdict, but unless the defendant can show that his substantial rights were affected, that it's not reversible error. That's what the court decided in Sanchez-Ochoa, and I think that's an appropriate rule, because in this case, to be quite frank, we can't show that Mr. Alvarez-Moreno's rights were substantially affected by the court's return of the verdict. I want to make sure you have time to move on to your second argument, but let me ask you about this one real quick. Yes. What remedy are you seeking? Assuming you can't show plain error prejudice, which is a tough standard, what should we do? Well, I think you should make clear that Rule 43 applies to bench verdicts, because the rule does not explicitly say that Rule 43, or the right of the defendant to be present, is specific in Rule 43. In fact, the prosecution argues that it's not, and the reason they do so is because the rules provide that the judge can issue findings and a conclusion. So you're asking us to reject the government's position that Rule 43 was not violated. To say that Rule 43 was violated, you've candidly said your client wasn't prejudiced, but you'd ask us to say that that's not necessarily going to be the case every time in the future? Exactly. We don't make hypothetical decisions, do we? I mean, are you asking us to announce an advisory opinion, because it has no effect in this case? No, I don't think it is an advisory opinion. Well, you've acknowledged there's no substantial prejudice to your client, no harm, so no foul as far as your client's concerned. So what is there for us to decide? I think you should decide, Your Honor, that there was a Rule 43 violation, but that in this case, the defendant's rights were not substantially affected. Why don't we just jump to the bottom line? I think you really are asking for a hypothetical advisory opinion, and I don't know that we have the basis for doing that. What I'm asking the Court to do is follow Sanchez-Ochoa, which is, granted, it's a memorandum opinion, but I think that's a good result and actually a good decision on the facts. What if we were to do what the I might be getting the pronunciation wrong, but in that case, the Second Circuit said, well, what should happen is there should be some sort of public pronouncement by the District Court, actually have a hearing, in this very odd situation that we have in this case, require the District Court to go back and actually set a hearing to pronounce the verdict. I think that would be appropriate. I think the defendant ought to be present when the judge renders a verdict, because that's what it is, even though it's called findings of fact and conclusions of law, it still is a verdict. I take it that would get around the advisory opinion concern that Judge Clifton has. Exactly. I'd like to proceed to the second issue. Again, there's been some decisions by this Court with regard to the unavailability of witnesses. Between the first and the second trial in this instance, this Court decided United States v. Rodriguez, which held essentially that the government cannot delegate to the attorney for a material witness the notice and information about what to do in order to be present for trial. In this case, Mr. Alvarez wanted the material witness to be present. He objected first of all to taking of the material witness testimony by deposition. He objected to the deposition, because he knew, as even the government concedes, that when those witnesses are released, they're released to INS and they're immediately almost returned to Mexico. He objected to the release even after the material witness had been served with a subpoena. He objected to the use of the videotape at the trial on confrontation grounds. The government takes the position that if we take depositions, we can use them if we simply notify counsel for the material witnesses that their testimony is going to be present. That's not what happened in this case. Before the first trial, sometime, presumably about 60 days, I think, before the first trial, the government sent a letter to the material witness attorney with a copy of a letter directed at the material witness. When they didn't get a response, they went to the court and said, Judge, we haven't heard from either the material witness attorney or from the defendant. We want you to make a finding that the witness is unavailable and allow his videotape deposition. Between that trial and the second trial, this court decided Rodriguez. Rodriguez said, essentially, it's not enough to simply provide this information to the defense attorney. The government has got to make a good faith effort to contact the material witness and try to obtain their presence for trial. But I mean, here, the government subpoenaed the witness. They tried to communicate with him through his attorney. They sent process letter to the witness in Mexico. My understanding is the witness had said that he did want to come back. It seems to me that the only alternative in cases like this would be to keep the material witness incarcerated. What else could the government, in your view, have done here besides incarcerating the material witness? I don't think that is the government's only option. The government's option can simply be to parole the witness in and allow him to remain in the United States pending trial. In this instance, there was only six months, about six months, between the time of the defendant's arrest and the time that the first trial occurred. So there's obviously some things that the government can do besides simply putting them in jail. And they didn't attempt to do that. They simply asked for the witness to be released once the deposition was taken because the standard procedure seems to be you do the deposition, you get these material witnesses out of the country, and then we'll use the deposition. In this case, after Rodriguez Your suggestion is we'll let the person who entered unlawfully disappear into the country and in that way accomplish his unlawful purpose. I mean, I have a hard time understanding how that's a rational alternative the government should encourage. I don't think that that is the alternative, if the court pleases. What's the alternative I heard from? Is there another one? The alternative is what is often done when the government wants a witness who is not a citizen to be in the country for some period of time. They simply parole them in. That's exactly what I said. He's allowed in the country, he disappears thereafter, and he's accomplished his purpose of unlawful entry. I don't understand how the government could be expected to adopt that as an alternative. The conditions of parole frequently require the material witness to maintain contact with the government so that they can be informed of the trial date and what they need to do to be present for the trial if it comes to it. It's not always the case that if you release a person or parole a person into the United States that they're simply going to disappear. The government has ways and means Well, if you have somebody who was prepared to enter unlawfully, I have a feeling that a paper that says you're supposed to show up at this time at this place may not actually bind that person. We see a good number of cases of people that have overstayed their welcome, and it's hard for me to anticipate that the government would say yes to making it easy for somebody to do that. Well, by the same token, then, it seems that the court seems to take the position that if you tell the defendant or the material witness you may be needed for trial, so keep in contact with your attorney or keep in contact with us so that we can call you, that there's absolutely no way that that witness is ever going to come back. That's not the only alternative, as I say. My time is up. We'll give you one minute for rebuttal. Thank you, Your Honor. Good morning. May it please the court, my name is Rui Wong. I'm an assistant United States attorney here in the District of Arizona. This court should affirm the defendant's conviction for one count of transportation of a legal alien because there was no plain error and as the defendant has conceded, there were no substantial rights that were violated when the trial court issued its finding of guilt in a written order. Furthermore, the trial court correctly decided that the government had demonstrated unavailability of the material witness through reasonable good faith efforts to procure his presence at trial. As to the first issue, the defendant has failed to show plain error and the court does not have to reach a finding that Rule 43 is violated by a written order. Since he has already conceded that there were no substantial rights violated, we would ask the court to find that that is the case. But just to make sure, the government's position here is even if Rule 43 was violated, this is neither structural error nor constitutional error and thus in order for us to send it back for the defendant to be resentenced, we would have to find prejudice. Yes, that is the government's position in this case. Counsel in your view of this case, when would it ever be prejudicial error in a bench trial to not have the defendant present when the judge announces the verdict, either in court or by order? I think that it would, I think in this particular case, if you look at the record, the defendant had almost a full year where he could have objected to the written. No, I appreciate your argument as to this case. I guess my concern though is that if a district court judge says, you know, I'm going to have a standing order that says when we do bench trials, I announce the verdict whenever I want to announce it and the defendant, in fact, I'm going to exclude the defendant from the courtroom because I don't want to look at the defendant when I'm rendering my verdict. Is that okay? Perhaps in that scenario that Your Honor is talking about, if the defendant didn't have the opportunity to object to a written order, which is what he did have that opportunity in this case, I could see a scenario where a trial court judge simply says, I don't want to look at you. I don't want you in my presence. And then I think then you're implicating another Sixth Amendment issue of having, I guess, a fair adjudicator. But under Rule 43 though, you don't think there's a problem doing that? No, the government's position is that Rule 43 clearly applies to jury verdicts, but not necessarily to bench, to findings of guilt by a trial court judge. And it's, if you look at the Rule 43 as in conjunction with Rule 23 and Rule 31, it does seem to, the criminal rules do seem to treat findings of guilt by a trial court differently than a jury verdict. You would, I mean, you would agree, it seems very odd that the defendant would have the right to be arraigned, read his rights, which defendants always waive. I mean, I used to do your job for a long time, you know, so defendants always waive the right to arraignment, but that they would not have the right to be there when like the big decision, when they're told like, you're going to be a felon, you're going to jail, or you're going to go home, that they somehow would not have a right to be there for that decision. I mean, is there anything in Rule 43 to suggest the verdict, which is the whole point of the trial, is somehow less important than being told you have the right to counsel? Well, and again, the government's position is that Rule 43 pertains to jury verdicts. But would you agree, if a judge called for a court hearing where he was going to announce his decision, give finding of facts, conclusions of law, whatever, at that point, that would be a stage of the trial the defendant would be entitled to attend, isn't it? If the court, if the trial court had issued the ruling, that would be a stage of the trial, would that, I guess a minute entry, asking... Rather than issue simply a written order, he called the court together, and he made a pronouncement. And I take it the government wouldn't argue that the defendant did not have the right to be there because it wasn't an important stage of the trial. I mean, what I think is potentially different about this case is whether the trial court is compelled to have that kind of hearing as opposed to simply announced in the form of a written order what those findings and what that decision is. So I'm interested in focusing on why you think it should be okay for the judge to issue what is the most important pronouncement of the trial in simply written form. And maybe you can help, I know Arizona is, the District of Arizona is under stress and has a large number of cases. Is that, in fact, a common practice at the district court here in Arizona? I can't speak to whether that's a common practice. It certainly, Sanchez Ochoa, which is the unpublished decision that Mr. Leon referenced earlier, the trial court in that case also issued a finding of guilt in a written order, and that panel had said that there was no, it was harmless error in that case to do so. In this particular case, the judge did so as well and gave the defendant the opportunity to object to issuing that written order, which the defendant did not do. You said that. I was looking through the record. Did the district court ever say, look, are you okay if I issue a written order as opposed to you coming in here? The district court, what the district court said... The closest I saw was on ER 146, where the district court says I'm going to issue a ruling. Yes, and at that point there was no objection by the defendant, but the defendant had almost a year between the end of the trial and the sentencing in which he could have objected or could have said to the district court, this is what I would like you to do, and he never did that. Which is why it falls in the plain error bucket. I mean, I don't think the defense counsel is contesting that. I guess the question though is that you have two issues why it's not plain error. You say it was not wrong. Now, I think that's a tougher argument for you. The second one is that it was not prejudicial to this defendant, and I guess where I'm getting hung up is assuming that it's not prejudicial to this defendant, and he agrees with you on that point. What concerns me about that as a holding is then going forward, what's to prevent this from happening over and over and over again? Now, your first point is, well, it's not an error. They can do it anyway because it's not an error. Let's say I disagree with you on that. What's to stop district courts who are very busy? I was in San Diego. It's a very busy district. If I'm just saying, you know what? I'm really busy. I got bench trials. I just wanted ECF. I'm going to ECF my verdicts. And all these cases. That just seems very odd to me that in this country, even with all these computers and internet, that we would not actually have a judge look someone in the eye and pronounce the verdict. What's to prevent that from happening? If we agree with you in this case, wouldn't every district just change their standing order so we could always do it this way? For one thing, I do think that bench trials are the exception rather than the rule in district court. But I think they're becoming, you know, child porn cases, for example, are often bench trials. So you can imagine a situation in a child pornography case where someone has been accused of a pretty awful crime. Let's say they're acquitted. Is there a public pronouncement in those cases that you're acquitted or would they find out just by ECF? I think under the case law in this circuit, I don't think it's error for a bench trial for a trial court judge to do that in its discretion, especially if the defendant is given the opportunity to either object or not to object to that. So you think if the standard were harmless error in this case rather than plain, you think you'd lose? Because you said there's no error on the first part. So you would win if it's harmless error or plain error, correct? Under your view of the case? Yes, under our view of the case, the government prevails under either standard because there was no error. We're not conceding error and that there is no substantial right that was violated. Moving on to the second point in Rodriguez, as this court has already noted, the United States did make reasonable good faith efforts to procure the witness at trial. There was a lot more than simply notifying the material witness attorney in this case. As your Honor has noted, the material witness was subpoenaed. He received letters both from his attorney as well as FedEx from the government prior to the second trial. When the court looks at all those factors, it will find that there was reasonable good faith efforts that were made to ensure the material witness's presence at trial. All right. Thank you very much, counsel. Thank you. All right, counsel, you have one minute for rebuttal. I'd like to focus on rebuttal to the good faith efforts of the government. In this instance, the government sent the letters to two addresses. The first address, as is related in the record, was that the material witness said he lived in a certain town, in a certain state in Mexico. That was the address that was given, a town, a state in Mexico. The government said that they found in an I-213, which is a form that's usually prepared for undocumented aliens, that they had a better address. In this instance, they had a street, a town, a state, and the Republic of Mexico. They sent this letter, FedEx, no return receipt requested, to that street, that address. That, and it was only 13 days before the trial. I would submit to the court that that is, as this court criticized in Rodriguez, that's just going through the motions. That does not constitute a good faith effort to try to obtain the presence of that witness for trial in this charge. I think it was done too late. I think the address was too vague to be effective. I understand that there's some difficulty sometimes with getting addresses, good addresses for people in Mexico, but that's something the government should keep in mind and do right at the start of the case. They take the address off the I-213, which is filled out usually by a border patrol agent. If they're going to use that person as a witness, then the government has an obligation to try to find a reasonable way to contact. In this case, it was not a reasonable, good faith effort to contact that witness. All right. Thank you very much, counsel. Thank you both for your argument in this case. Very interesting case. This matter is submitted.
judges: Clifton, Owens, Bennett